UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EBONY ZACHARY,

    Plaintiff,

v.                       CASE NO.: 8:12-cv-530-T-33AEP

COMPREHENSIVE HEALTH MANAGEMENT, INC.,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant's Motion to Dismiss Count I of Plaintiff's First Amended Complaint with Prejudice (Doc. # 22), which was filed on June 27, 2012. Plaintiff filed a Response in Opposition (Doc. # 23) on July 1, 2012. The Court denies the Motion for the reasons that follow.

**I.**   **Background**

Plaintiff filed this race discrimination and retaliation suit against her former employer on March 12, 2012. (Doc. # 1). Plaintiff's race discrimination claim is a failure to promote claim, to which Defendant filed an Answer. (Doc. # 5). As to Plaintiff's retaliation claim, Defendant filed a Motion to Dismiss. (Doc. # 4). Defendant argued that Plaintiff's allegations of retaliatory harassment were not actionable. This Court agreed with Defendant and granted the Motion to

Dismiss as to the retaliation claim, but afforded Plaintiff the opportunity to file an Amended Complaint "alleging such facts necessary to state a cause of action under § 1981 [for retaliatory harassment] if possible." (Doc. # 16 at 13).

On June 25, 2012, Plaintiff filed her Amended Complaint (Doc. # 20) supplementing the allegations of her original Complaint. In Count One, she asserts retaliatory harassment and in Count Two, she asserts failure to promote. Both claims are asserted pursuant to 42 U.S.C. § 1981. Once, again, Defendant challenges the sufficiency of Plaintiff's retaliatory harassment claim pursuant to Rule 12(b)(6), Fed.R.Civ.P.

## II. Legal Standard

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and construe them in the light most favorable to the plaintiff. See United Techs. Corp. v. Mazer, 556 F.3d 1260, 1269 (11th Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

2

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id. (internal citations omitted); River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)("To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed.").

### III.  Analysis

Defendant moves to dismiss Count One, for retaliatory harassment, based on Plaintiff's failure to state a claim upon which relief can be granted.  Defendant argues that Plaintiff has failed to allege materially adverse employment actions for § 1981 purposes.

It is well settled that claims brought under § 1981 have the same requirements of proof and use the same analytical framework as claims brought under Title VII. Standard v. A.B.E.L. Services, Inc., 161 F.3d 1318, 1330 (11th Cir. 1998); Gant v. Kash'n Karry Food Stores, Inc., 390 F. App'x 943, 945 (11th Cir. 2010) ("Claims under [] § 1981 . . . are analyzed under the same framework as Title VII."). In order to establish a prima facie case of retaliatory harassment pursuant to § 1981, a plaintiff must show (1) that she engaged in a statutorily protected expression; (2) that she suffered a materially adverse employment action; and (3) that there was some causal relation between the two events. Hopkins v. Saint Lucie Cnty. Sch. Bd., 399 F. App'x. 563, 566 (11th Cir. 2010) (citing McCann v. Tillman, 526 F.3d 1370, 1375 (11th Cir. 2008), cert. denied, 555 U.S. 944 (2008)).

However, as explained in Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 511 (2002), a plaintiff need not satisfy the McDonnell Douglas framework at the pleading stage in order to state a discrimination or retaliation claim. Nevertheless, "the ordinary rules for assessing the sufficiency of the complaint [still] apply." Id.; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008)("Although a Title VII complaint need not allege facts

sufficient to make out a classic McDonnell Douglas prima facie case, it must provide enough factual matter (taken as true) to suggest intentional race discrimination.")(citations and quotation marks omitted).[1] Stated another way, an employment discrimination plaintiff must allege the necessary prima facie elements, but is not required to satisfy the McDonnell Douglas burden shifting analysis. See Edwards v. Prime, Inc., 602 F.3d 1276, 1300 (11th Cir. 2010)(noting that to state a hostile work environment claim post-Iqbal, an employee "was required to allege" the five prima facie elements).

Here, Plaintiff has, indeed, alleged the required elements to state a prima facie case of retaliation. However, Defendant asserts that Plaintiff's retaliation claim is subject to dismissal with prejudice because Plaintiff cannot establish that Defendant subjected Plaintiff to a materially adverse employment action in retaliation for her protected conduct. Focusing on the holding of Burlington Northern & Santa Fe Railway Company v. White, 548 U.S. 53 (2006), Defendant argues that "the antiretaliation provision protects

---

[1] The Swierkiewicz Court also noted that "[b]efore discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case . . . Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases." 534 U.S. at 511.

an individual not from all retaliation, but from retaliation that produces injury or harm." Id. at 67.  Under Burlington, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means that it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. at 68.

The Burlington Court emphasized that "petty slights, minor annoyances, and simple lack of good manners" are not materially adverse employment actions.  Id. Rather, "[w]e speak of material adversity because we believe that it is important to separate significant from trivial harms.  Title VII, we have said, does not set forth 'a general civility code for the American Workplace.'" Id.

Defendant presents the Court with a catalogue of retaliation cases that describe the materially adverse employment action standard, and argues, "the actions complained of by Plaintiff- whether viewed individually or in their totality- are nothing more than petty slights, minor annoyances, and a simple lack of good manners, that do not rise to the level of materially adverse actions for Section 1981 purposes." (Doc. # 22 at 9)(internal citation omitted).

Here, Plaintiff has alleged some circumstances of her employment that are not actionable, such as yelling by her supervisor, and this Court would agree that yelling is a simple lack of good manners, rather than an adverse employment action. However, Plaintiff has also asserted that after she engaged in protected activity, she was denied access to training (which would allow her to be promoted), that she was issued oral and written reprimands, and that she faced other disciplinary action. This Court finds, at this preliminary juncture, that the prospect of facing disciplinary action might dissuade a reasonable worker from making or supporting a charge of discrimination.

Plaintiff essentially asserts that this Court would be jumping the proverbial gun to dismiss her retaliatory harassment claim with prejudice at the pleadings stage because she should be allowed discovery to unearth facts in support of her claim. After reviewing her Amended Complaint in conjunction with the <u>Swierkiewicz</u> opinion, this Court agrees with Plaintiff. Plaintiff has alleged that shortly after complaining of racial discrimination, Defendant, inter alia, issued written and oral reprimands and other discipline

7

designed to lead to her termination.[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Plaintiff's retaliation allegations are facially plausible and are not subject to dismissal with prejudice. The Court finds the more prudent action is to allow her to engage in discovery in order to further buttress her claim. This seems especially appropriate when Defendant has not challenged the sufficiency of Plaintiff's failure to promote claim. Defendant may raise the argument that Plaintiff has not satisfied her prima facie case for retaliation at the summary judgment stage.

Accordingly it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant's Motion to Dismiss Count I of Plaintiff's First Amended Complaint with Prejudice (Doc. # 22) is **DENIED.**

---

[2] The fact that Plaintiff was not terminated does not defeat her claim. See Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453, 1455 (11th Cir. 1998)("Title VII's protection against retaliatory discrimination extends to adverse actions which fall short of ultimate employment decisions.").

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u> day of August 2012.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record